UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| CIARA ANTOINETTE HARLEM, | : | CASE NO. 18-56557-SMS |
| | : | |
| Debtor. | : | |
| | : | |

**MOTION FOR APPROVAL OF SETTLEMENT OF PERSONAL INJURY CLAIM UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND REQUEST TO MAKE CERTAIN PAYMENTS IN ACCORDANCE WITH SAME**

COMES NOW S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Estate**") of Ciara Antoinette Harlem, and pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, files this *Motion for Approval of Settlement of Personal Injury Claim under Rule 9019 of the Federal Rules of Bankruptcy Procedure and Request to Make Certain Payments in Accordance with Same* (the "**Motion**"), and respectfully shows this Court the following:

**Jurisdiction and Venue**

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**Background**

*a. General Background*

2.     On April 18, 2018 ("**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code.

3.     On or about the same day, Trustee was appointed to serve as the Chapter 7 Trustee for Debtor's Estate.  Trustee remains the duly appointed and acting Chapter 7 Trustee.

13422860v1

4. Prior to the Petition Date, on October 6, 2016, Debtor was injured when, suddenly and without warning, Johnna Jackson ("**Ms. Jackson**") struck a vehicle that Debtor was driving (the "**Litigation**").

5. On January 9, 2019, Trustee filed an application [Doc. No. 18] (the "**Initial Employment Application**") to employ Johnson & Alday as his special counsel. On January 11, 2019, the Court entered an order [Doc. No. 19] (the "**Initial Employment Order**"), approving Trustee's employment of Johnson & Alday.

6. As Trustee prepared a Rule 9019 motion to approve a proposed settlement of the Litigation, Trustee realized that Johnson & Alday had been associated with the Rice Firm.

7. On April 23, 2019, Trustee filed an amended application [Doc. No. 21] (the "**Amended Employment Application**") to employ the Johnson & Alday and the Rice Firm as his special counsel with respect to the Litigation. In the Amended Application, and as was the case in the originally filed Initial Employment Application, Trustee proposed to pay special counsel one-third (1/3) of the gross amount paid as settlement proceeds or 40% after a suit is filed, as compensation for legal services rendered in connection with the Litigation, subject to approval by the Bankruptcy Court, after notice and a hearing.

8. On April 24, 2019, the Court entered an order [Doc. No. 22], approving Trustee's employment of Johnson & Alday and the Rice Firm as special counsel (collectively, "**Special Counsel**"), and superseding the Initial Employment Order.

*b. The Proposed Settlement*

9. Subject to approval by the Court under Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Litigation has been settled (the "**Settlement**").

10. The gross Settlement award is $100,000.00, which is comprised of the full policy limit of Ms. Jackson's automobile insurance policy.

13422860v1

11. If awarded by the Court, special counsel will be paid fees in the amount of $33,333.33 (or 33 1/3% of the gross settlement amount of $100,000.00) and reimbursement of expenses in the amount of $784.94. In addition to these payments, Trustee is proposing to pay the following medical and other related expenses (the "**Other Expenses**"), totaling $9,967.71, from the settlement proceeds:

| Payee | Amount |
|---|---|
| Emory Clinic | $1,489.47 |
| Emory PT | $93.80 |
| Medicare Part B Subrogation | $2,913.44 |
| Capital Financing | $4,375.00 |
| Maroon Bells ER Physicians | $1,096.00 |
|  |  |
|  |  |
|  | $9,967.71 |

12. As a result, the Estate will have available for distribution under 11 U.S.C. § 726 the remaining $55,914.02, calculated as follows:

| | |
|---|---|
| Gross Settlement | $100,000.00 |
| Attorney's Fees | $33,333.33 |
| Attorney's Expenses | $784.94 |
| Other Expenses | $9,967.71 |
|  |  |
|  |  |
|  | $55,914.02 |

13. To supplement this calculation, attached hereto and incorporated herein by reference as Exhibit "A" is a settlement statement related to the Settlement.

**Relief Requested**

14. Trustee requests an order from the Court approving the Settlement and authorizing Trustee to settle the interest of the Estate in the Litigation under the terms set forth herein.

15. Finally, Trustee requests authority to pay from the resulting settlement proceeds the Other Expenses, as detailed above.

13422860v1

**Basis for Relief Requested**

16. Rule 9019(a) of the Bankruptcy Rules provides, in pertinent part: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019.

17. The standard in the Eleventh Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is articulated in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990):

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
>> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549.

18. Under the standard set forth above, Trustee believes that the Court should grant the Motion and approve the Settlement.

19. Trustee asserts that the terms of the Settlement fall well within the range of reasonableness for a settlement of this matter and will meaningfully benefit the Debtor's Estate and its creditors, and therefore respectfully requests that the Court grant the Motion. Indeed, based on currently filed unsecured claims, Trustee believes that the Settlement will allow him to make a substantial distribution to holders of allowed unsecured claims, if not pay them in full.

13422860v1

WHEREFORE, having filed the Motion, Trustee prays that the Court grant the Motion, approve the Settlement, authorize Trustee to make the payments requested herein, and grant Trustee such other and further relief as it deems just and proper.

Respectfully submitted this 26th day of April, 2019.

                                          ARNALL GOLDEN GREGORY LLP
                                        *Attorneys for Trustee*

                                        By:*/s/ Michael J. Bargar*
                                              Michael J. Bargar
                                              Ga. Bar No. 645709
                                        Arnall Golden Gregory, LLP
                                        171 17th Street, NW, Suite 2100
                                        Atlanta, Georgia 30363-1031
                                        Phone: (404) 873-8500/Fax: (404) 873-8501
                                        Email: michael.bargar@agg.com

**EXHIBIT "A" FOLLOWS**

13422860v1

## SETTLEMENT STATEMENT

RE: Claim of Ciara Harlem v. Johnna Jackson and Farmer's Insurance.

| | | | |
|---|---|---|---|
| Date of Injury: | October 6, 2016 | File #: | P17-JR00033 |

**RECOVERY:** $100,000.00

**ATTORNEY'S FEE AND COSTS:**

| | | | |
|---|---|---|---|
| Attorney's Fees | 33.33% | | $33,333.33 |
|   Johnson & Alday, LLC | | $20,000.00 | |
|   James Rice, Jr. | | $13,333.33 | |

**COSTS:**

| | |
|---|---|
|   Postage | $26.08 |
|   Duplication of Documents | $68.40 |
|   Medical Records | $615.46 |
|   Administrative Fee | $75.00 |
| | $784.94 |

**TOTAL ATTORNEY'S FEES AND COST:** $34,118.27

**NET RECOVERY TO CLIENT BEFORE MEDICAL EXPENSES:** $65,881.73

**MEDICAL EXPENSES:**

| | | |
|---|---|---|
|   Emory Clinic | $1,489.47 | |
|   Emory PT | $93.80 | |
| | | $1,583.27 |

**OTHER EXPENSES:**

| | | |
|---|---|---|
|   Medicare Part B Subrogation | 2,913.44 | |
|   Capital Financing | $4,375.00 | |
|   Maroon Bells ER Physicians | $1,096.00 | |
| | | $8,384.44 |

**NET RECOVERY TO CLIENT** $55,914.02

1.) This will acknowledge that I am to receive a check for the amount of $55,914.02 representing my net recovery in my claim against Johnna Jackson and Farmer's Insurance.

2.) The above account is hereby reviewed, approved and accepted.

3.) I acknowledge that should any deficiency in payoff amount for any services rendered as related to this claim occur for any reason, that I agree to promptly remit such sums to my Attorney for payment. Further, I agree that I will pay any and all outstanding and valid ERISA, hospital and/or doctor's liens related to my treatment for the above-referenced injury.

4.) I further acknowledge that this settlement is pursuant to my instructions given to my Attorney. I am concluding this loss voluntarily and of my own volition. I have expressly directed my attorney to conclude this loss in the amount set forth above and I am satisfied with the services of my Attorney.

5.) All taxes on the net proceeds received by the client, if any, shall be the sole responsibility of the client. Robert D. Johnson, nor any representatives of Johnson & Alday, LLC, do not make any representations or give any tax advice regarding the above-referenced settlement proceeds. Therefore, the client is instructed to contact a tax advisor of their choice.

Approved and signed this the _27_ day of _December_, 20_18_.

_Ciara Harlem_

# CERTIFICATE OF SERVICE

This is to certify that I have this day served copy of the *Motion for Approval of Settlement of Personal Injury Claim under Rule 9019 of the Federal Rules of Bankruptcy Procedure and Request to Make Certain Payments in Accordance with Same* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the United States Trustee
362 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
2964 Peachtree Rd, NW, Suite 555
Atlanta, GA 30305

Shanna-Kay Alaine Gibbs
The Semrad Law Firm LLC
Suite 201
303 Perimeter Center North
Atlanta, GA 30346

Ciara Antoinette Harlem
5808 Navarre Court
Stone Mountain, GA 30087

John Alday
Johnson & Alday, LLC
219 Roswell Street
Marietta, GA 30060

James Alexander Rice, Jr.
The Rice Firm
563 Spring Street, NW
Atlanta, GA 30308

13422860v1

This 26th day of April, 2019.

>    */s/ Michael J. Bargar*
>    Michael J. Bargar
>    Georgia Bar No. 645709